# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:18CR13-1 |
| | ) | 1:18CR38-1 |
| | ) | |
| JASON DALE PARROTT | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on the United States of America's Motion for Order of Garnishment ("Garnishment Motion") (1:18CR13-1, Docket Entry 41; 1:18CR38-1, Docket Entry 38) and the defendant's Motion to Quash All Writs of Garnishment and Request for Order to Protect Payment Plan ("Quash Motion") (1:18CR13-1, Docket Entry 42; 1:18CR38-1, Docket Entry 39). For the reasons that follow, the Court should deny the Quash Motion and should grant the Garnishment Motion.[1]

As a result of the defendant's guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D), the Court (per Senior United States District Judge N. Carlton Tilley, Jr.) entered

---

[1] Because adjudication of the Quash Motion and the Garnishment Motion effectively will end an ancillary proceeding, the undersigned Magistrate Judge will enter a recommendation (rather than an order). See United States v. Tyson, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003) (concluding that resolution of contested garnishment required entry of final order by district judge).

a Judgment sentencing the defendant to serve terms of imprisonment and supervised release, as well as to pay a $200 special assessment and a $165,366 fine. (See 1:18CR13-1, Docket Entry 22 at 1-6; 1:18CR38-1, Docket Entry 18 at 1-6.) The Judgment mandates a "[l]ump sum payment of $165,566.00 due immediately . . . ." (1:18CR13-1, Docket Entry 22 at 7; 1:18CR38-1, Docket Entry 18 at 7.) Further, although it provides for monthly installments during the defendant's supervised release term to reduce any "balance due" (id.), the Judgment also states that "payment of criminal monetary penalties is due during imprisonment" (id.) and that "[n]othing [t]herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties" (id.).[2]

More than 30 days after entry of the Judgment, the fine (and accruing interest) remained unpaid. (See 1:18CR13-1, Docket Entry 27 at 1-2, Docket Entry 28 at 1-2; 1:18CR38-1, Docket Entry 24 at 1-2, Docket Entry 25 at 1-2.) Accordingly, the United States

---

[2] The Judgment thus directly follows the defendant's Plea Agreement, in which:

> The defendant . . . agree[d] that . . . all monetary penalties . . . shall be <u>due immediately</u> upon [entry of the J]udgment and <u>subject to immediate enforcement</u> by the United States. The defendant [further] agree[d] that if the Court impose[d] <u>a schedule of payments</u>, the schedule of payments shall be merely a schedule of minimum payments and <u>shall not be a limitation on the methods available to the United States to enforce the [J]udgment</u>.

(1:18CR13-1, Docket Entry 12 at 8 (emphasis added); 1:18CR38-1, Docket Entry 4 at 8 (emphasis added).)

-2-

applied for Writs of Continuing Garnishment directed to AFL Telecommunications, LLC for "[t]he balance of any and all accounts, not to exceed $165,891.09, owned by or held for the benefit [of the defendant], including but not limited to a 401K account" (1:18CR13-1, Docket Entry 27 at 2 (bold font omitted); 1:18CR38-1, Docket Entry 24 at 2 (bold font omitted)), and to USAA Investment Management Company for "[t]he balance of any and all accounts, not to exceed $165,891.09, owned by or held for the benefit [of the defendant], including but not limited to money market accounts, securities, and/or mutual funds" (1:18CR13-1, Docket Entry 28 at 2 (bold font omitted); 1:18CR38-1, Docket Entry 25 at 2 (bold font omitted)).

The Clerk issued the requested Writs directed to AFL Telecommunications, LLC (1:18CR13-1, Docket Entry 29; 1:18CR38-1, Docket Entry 26) and USAA Investment Management Company (1:18CR13-1, Docket Entry 31; 1:18CR38-1, Docket Entry 28), which (pursuant to 28 U.S.C. § 3202(b)) the United States sent to the defendant, along with an exemption form and instructions (including as to his 20-day deadline to claim exemptions and to request a hearing) (see 1:18CR13-1, Docket Entries 30, 32; 1:18CR38-1, Docket Entries 27, 29; see also 1:18CR13-1, Docket Entry 33 (showing (via Declaration with attached postal return-receipt) mailing of documents regarding Writ directed to AFL Telecommunications, LLC, to the defendant at his place of imprisonment), Docket Entry 35 (showing (via

-3-

Declaration with attached postal return-receipt) mailing of documents regarding Writ directed to USAA Investment Management Company, to the defendant at his place of imprisonment); 1:18CR38-1, Docket Entry 30 (same as 1:18CR13-1, Docket Entry 33), Docket Entry 32 (same as 1:18CR13-1, Docket Entry 35).) Subsequently, AFL Telecommunications, LLC confirmed its "custody, control or possession of property of the [defendant]" in the form of a "401K" account with a "[v]alue" of "$81,410.59" (1:18CR13-1, Docket Entry 37 at 2; 1:18CR38-1, Docket Entry 34 at 2) and USAA Investment Management Company confirmed its "custody, control or possession of property of the [defendant]" in the form of a "Brokerage Account" with a "[v]alue" of "$165,891.09" (1:18CR13-1, Docket Entry 39 at 1; 1:18CR38-1, Docket Entry 36 at 1).[3]

On October 15, 2018, the Clerk docketed an "Objection to Notice to Defendant Debtor and Writ of Continuing Garnishment," in which the defendant stated as follows:

> [The] defendant[] <u>objects to the garnishment of his AFL Telecommunications, LLC 401K account</u> . . . .
>
> And although the [d]efendant believes that the fine imposed by the [C]ourt is of dual punishment, incarceration plus paying the costs of incarceration, [the d]efendant <u>asks that the government be directed to garnish against the USAA Investment Management Company stock account only</u> . . . [because that account has a

---

[3] According to the defendant, his brokerage account with USAA Investment Management Company actually "ha[s] an approximate value of $500,000 . . . ." (1:18CR13-1, Docket Entry 38 at 1; 1:18CR38-1, Docket Entry 35 at 1.)

-4-

> value] more than [sufficient to] pay the fine . . . plus
> interest . . . .
>
> [The d]efendant further <u>asks that he be allowed to select
> the individual stocks that are to be liquidated to pay
> the fine</u>, and be given a 30 day period from the [C]ourt's
> order to advise the government in writing as to the
> stocks that are to be sold.

(1:18CR13-1, Docket Entry 38 at 1 (emphasis added); 1:18CR38-1, Docket Entry 35 at 1 (emphasis added).)

The United States responded that it did "not object to the [d]efendant's request that the fine be garnished only from the USAA Investment Mortgage Company brokerage account provided that there are sufficient funds in th[at] account to satisfy the balance of the [d]efendant's] debt, after all fees and other withholdings, if any are paid." (1:18CR13-1, Docket Entry 40 at 3; 1:18CR38-1, Docket Entry 37 at 3.) "Further, the United States d[id] not object to the [d]efendant's request that he be allowed to select the individual stocks to be liquidated to pay the fine, provided he promptly provides this information to the Government within 30 days from the [C]ourt's order." (Id.) Given the parties' agreement on those points, the Court (per the undersigned Magistrate Judge) ordered the defendant to serve the United States by November 30, 2018, "with a list of the individual stocks within his USAA Investment Management Company brokerage account to be liquidated to pay the fine." (1:18CR13-1, Text Order dated Oct. 30, 2018.)[4]

---

[4] That Text Order did not get docketed in 1:18CR38-1.

Instead of following through on his own request and complying with the Court's foregoing order by timely serving the United States with a list of stocks he wished to have sold to pay his fine (and related interest), on or about November 25, 2018, the defendant sent the United States a "Formal Communication to Request Negotiating Payment Plan to Satisfy Civil [sic] Judgment (Fine)" in which he "propos[ed] a payment plan commencing 90 days after [his] release from prison." (1:18CR13-1, Docket Entry 41-1 at 1; 1:18CR38-1, Docket Entry 38-1 at 1.) "Accordingly, the United States submit[ted the Garnishment] Motion and proposed [o]rder for garnishment of the USAA Investment Management Account." (1:18CR13-1, Docket Entry 41 at 4; 1:18CR38-1, Docket Entry 38 at 4.) The defendant did not respond to the Garnishment Motion (see 1:18CR13-1, Docket Entries dated Dec. 12, 2018, to present; 1:18CR38-1, Docket Entries dated Dec. 12, 2018, to present), but did file the Quash Motion (1:18CR13-1, Docket Entry 42; 1:18CR38-1, Docket Entry 39). The United States responded in opposition (1:18CR13-1, Docket Entry 44; 1:18CR38-1, Docket Entry 41) and the defendant replied (1:18CR13-1, Docket Entry 46; 1:18CR38-1, Docket Entry 43).[5]

"The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of

---

[5] The defendant also moved for a transfer of this ancillary proceeding to the District of Oregon (see 1:18CR13-1, Docket Entry 43; 1:18CR38-1, Docket Entry 40), which motion the Court (per the undersigned Magistrate Judge) denied (see 1:18CR13-1, Text Order dated Apr. 4, 2019; 1:18CR38-1, Text Order dated Apr. 4, 2019).

a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). In that regard, the Federal Debt Collection Procedures Act ("FDCPA") permits "[a] court [to] issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. 3205(a). "Once [a w]rit of [c]ontinuing [g]arnishment has been issued, a debtor may claim exemptions . . . ." United States v. Wilson, No. 1:03CR407-3, 2014 WL 297676, at *1 (M.D.N.C. Jan. 27, 2014) (unpublished) (Webster, M.J.), recommendation adopted, slip op. (M.D.N.C. Mar. 25, 2014) (Beaty, J.). Further, although the debtor "may move to quash an enforcement order, . . . the issues are limited to the validity of any claim of exemption and the government's compliance with the [FDCPA's] statutory requirements." Id. at *2 (internal brackets, ellipsis, and quotation marks omitted).

In this case, the defendant has not claimed any exemption from garnishment and has not challenged the compliance of the United States with the FDCPA. (See 1:18CR13-1, Docket Entries 42, 46; 1:18CR38-1, Docket Entries 39, 43.) Indeed, as the United States has observed (and as documented above), the defendant waited to contest (on any ground) the Writ directed to USAA Investment Management Company for far more than 20 days after receiving notice under Section 3202(b) and thus "did not timely move to quash th[at]

-7-

Writ[] . . . . Accordingly, [his Quash M]otion . . . should be denied as untimely . . . ." (1:18CR13-1, Docket Entry 44 at 6; 1:18CR38-1, Docket Entry 41 at 6.)

Nor do the arguments belatedly presented by the defendant in the Quash Motion possess any substantive merit. Most fundamentally, the Quash Motion fails as a matter of law, because it relies on the demonstrably false assertion that "[t]he Court decided that the fine should be paid in 48 equal monthly payments, without interest, with payments to commence after release from imprisonment." (1:18CR13-1, Docket Entry 42 at 2; 1:18CR38-1, Docket Entry 39 at 2.) As detailed above, the Judgment states no such thing, but rather – consistent with the defendant's Plea Agreement (see 1:18CR13-1, Docket Entry 12 at 8; 1:18CR38-1, Docket Entry 4 at 8) – requires a "[l]ump sum payment of $165,566.00 due immediately" (1:18CR13-1, Docket Entry 22 at 7; 1:18CR38-1, Docket Entry 18 at 7), confirms that "payment of criminal monetary penalties is due during imprisonment" (id.), and makes clear that (regardless of the provision for monthly installment payments to reduce any remaining balance during supervised release) "[n]othing [t]herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties" (id.).[6]

---

[6] The Judgment also does not waive interest. (See 1:18CR13-1, Docket Entry 22 at 7; 1:18CR38-1, Docket Entry 18 at 7.)

Under these circumstances, "the existence of [a court-imposed payment] schedule does not mean that the government is precluded from pursuing other avenues of ensuring that [a] defendant's [fine] obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a [monetary penalty in a] judgment." United States v. James, 312 F. Supp. 2d 802, 806–07 (E.D. Va. 2004) (internal footnote omitted); accord United States v. Williams, 898 F.3d 1052, 1055 (10th Cir. 2018); United States v. Behrens, 656 F. App'x 789, 790 (8th Cir. 2016); United States v. Shusterman, 331 F. App'x 994, 996-97 (3d Cir. 2009); United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007); United States v. Kroll, No. 5:15CR292, 2018 WL 1792129, at *5 (E.D.N.C. Apr. 16, 2018) (unpublished); United States v. Howell, No. 5:10CR11, 2017 WL 3301358, at *3 (W.D.N.C. Aug. 2, 2017) (unpublished); United States v. Silvious, No. 5:15CR11, 2017 WL 3272020, at *3 (W.D. Va. Aug. 1, 2017) (unpublished); United States v. Page, No. 1:13CV119, 2013 WL 2945070, at *5-6 (N.D.W. Va. June 14, 2013) (unpublished), recommendation adopted, id. at *1; United States v. Rudi, No. 1:07CR412, 2011 WL 13210255, at *3 (M.D.N.C. July 19, 2011) (unpublished) (Sharp, M.J.), recommendation adopted, 2011 WL 13210257 (M.D.N.C. Oct. 17, 2011) (unpublished) (Tilley, S.J.).

**IT IS THEREFORE RECOMMENDED** that the Garnishment Motion (1:18CR13-1, Docket Entry 41; 1:18CR38-1, Docket Entry 38) be

-9-

granted and that the Quash Motion (1:18CR13-1, Docket Entry 42; 1:18CR38-1, Docket Entry 39) be denied.

**IT IS FURTHER RECOMMENDED** that Garnishee USAA Investment Management Company be ordered to sell assets in the defendant's brokerage account, to generate proceeds to satisfy the garnishment, and to issue a check from the resulting proceeds not to exceed $165,891.09 (after assessment to and payment by the defendant of any taxes and penalties), payable to:

United States District Court
324 W. Market Street, Room 120
Greensboro, NC 27401

Reference No.: 1:18CR13-1 and 1:18CR38-1

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 9, 2019